**Melvin MATHIS, Appellant,**

v.

**Carole Ann WALLACE, Appellee.**

**No. 12586.**

Court of Civil Appeals of Texas, Austin.

June 22, 1977.

R. Dan Green, Austin, for appellant.

A. T. "Moon" Mullins, and Kirk Kuykendall, Lockhart, Kuykendall & Jones, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant sought a permanent injunction against appellee which would require her to remove a house now standing on her lot in a subdivision in Travis County. Appellant contends that the house was built in violation of certain building restrictions previously imposed upon the subdivision. The trial court dissolved a temporary injunction hitherto granted, denied further injunctive relief, and entered judgment for appellee. It is from this judgment that appellant has perfected his appeal to this Court. We affirm.

This appeal presents, essentially, two questions. The first is whether appellee had erected, in contravention of the resubdivision restrictions, the house in question on a lot smaller than three acres. These restrictions placed a three-acre minimum on lots further subdivided.

The land appellant had originally purchased consisted of 24.01 acres; however, in building her home she mortgaged one acre

of land immediately surrounding the house. It is the giving of the mortgage to the acre that appellant contends is a breach of the restriction. We think not.

 In the first place, as found by the trial court, the evidence discloses that other lots of less than three acres had been created in the subdivision prior to appellee's placing of a mortgage on the house and surrounding acre, thus effecting a waiver of any enforcement of this particular restriction.

 In the second place, the mortgaging of the acre in question was not, of itself, a breach of the restriction. Without indulging the esoteric question of title at this point, suffice to say, the lot was not resubdivided for further sale. In our judgment, the possibility of a foreclosure and sale in the future is of no moment now.

The second question to be decided is whether appellee breached the restriction stating ". . . nor shall any building or structure be moved upon the premises."

 In its findings of fact, the trial court found that appellee did not move a building onto her property. The evidence discloses that appellee had her house partially preassembled off the premises. It was then cut in halves and each half was moved separately and set down on concrete foundation piers that had previously been erected upon the premises. The halves were then joined.

There was evidence that some thirty man trips from the work site to the building site are normally required to finish houses built in this manner. Thus, no "building or structure" was moved upon the premises, instead parts of a building were erected upon the premises to be joined by other parts, hitherto completed, the whole then forming the complete building or structure.

 We note from the evidence that in today's building trades, preformed or prebuilt components of certain structures or buildings are widely in use. Trusses used in roofing or sash and cabinet work parts are being built off the premises, moved on and used to complete a building. The best that

can be said for the restriction in question, under the facts of this case, is that it is ambiguous and unclear. Consequently in such cases, all doubts should be resolved against the imposition of the restriction. See *Settegast v. Foley Bros. Dry Goods Co.,* 114 Tex. 452, 270 S.W. 1014 (1925); *MacDonald v. Painter,* 441 S.W.2d 179 (Tex.1969); and *Southampton Civic Club v. Couch,* 159 Tex. 464, 322 S.W.2d 516 (1958).

The judgment of the trial court is in all things affirmed.